**SIGNED THIS: August 19, 2008**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TIFFANY M. COOK, | ) | No. 07-81855 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| THE FAMILY CREDIT UNION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. No. 07-8150 |
| | ) | |
| TIFFANY M. COOK | ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N**

This matter is before the Court on the Motion for Summary Judgment filed by the Defendant, Tiffany M. Cook (DEBTOR), a former employee of The Family Credit Union (FCU). FCU seeks a determination of nondischargeability under Section 523(a)(2)(A), (a)(4) and (a)(6) for expenses related to the DEBTOR'S theft of $85,000 via a fraudulent check

writing scheme. The DEBTOR admits perpetrating the fraud and paid back all but $250 of the $85,000 amount.

The amount sought to be determined nondischargeable is itemized in FCU's complaint as follows:

| | |
|---|---|
| $ 6,696 | Staff time reviewing 3 years of activity on 6 accounts |
| 150 | Copy charges (5000 @ .03) |
| 145 | Replace bldg. locks |
| 500 | Audit |
| 3,500 | Attorney fees |
| $10,991 | Total |

The DEBTOR challenges the necessity for and reasonableness of these expenses.

The DEBTOR'S Motion for Summary Judgment is founded upon the doctrine of accord and satisfaction, as applied to the following events. On February 13, 2007, FCU's attorney wrote a letter to the DEBTOR'S attorney demanding immediate repayment of the $85,000. By letter of April 13, 2007, the DEBTOR'S lawyer forwarded a check in the amount of $84,000 to FCU's attorney, acknowledging the $1,000 shortfall and stating an intent to pay it within 10 days. On June 27, 2007, the DEBTOR'S attorney forwarded a check in the amount of $750.14, again acknowledging a shortfall and an intent to pay the balance soon. Finally, on January 9, 2008, the DEBTOR'S attorney forwarded a check for $250. FCU negotiated the first two checks but not the third.

The DEBTOR contends that an accord and satisfaction occurred pursuant to UCC Section 3-311. That section provides, in part, that the person against whom a claim is asserted must prove that:

(i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim,
(ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and
(iii) the claimant obtained payment of the instrument.

2

810 ILCS 5/3-311(a). In addition, that person must also prove that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim. 810 ILCS 5/3-311(b).

DEBTOR relies upon *MKL Pre-Press Electronics/MKL Computer Media Supplies, Inc. v. La Crosse Litho Supply, LLC.,* 361 Ill.App.3d 872, 840 N.E.2d 687 (Ill.App. 1 Dist. 2005), where the check at issue contained the typed notation "FINAL PAYM." and was accompanied by a transmittal letter that stated "we consider all open issues between (the parties) closed." As a preliminary matter, the appellate court noted that accord and satisfaction is a contractual method of discharging claims whereby the focus is on the intent of the parties. 361 Ill.App.3d at 877. The court further summarized Illinois law as follows:

> Where there is an honest dispute as to the amount owed and due between the parties and the debtor tenders an amount with the explicit understanding that it is full payment of all demands, the creditor's acceptance and negotiation of that amount constitutes an accord and satisfaction. *Koules v. Euro-American Arbitrage, Inc.,* 293 Ill.App.3d 823, 830, 228 Ill.Dec. 539, 689 N.E.2d 411 (1998). However, the partial payment of a fixed and certain demand due and not in dispute does not constitute satisfaction of the entire debt even where the creditor agrees to receive partial payment for the whole debt and gives a receipt for the whole demand. *Koules,* 293 Ill.App.3d at 830, 228 Ill.Dec. 539, 689 N.E.2d 411.

361 Ill.App.3d at 877-78.

Affirming the trial court's determination that an accord and satisfaction had occurred, the appellate court found that the previous exchange of correspondence, invoices and objections thereto established that a *bona fide* dispute existed as to the amount due which was unliquidated. The court inferred the claimant's intent to accept a compromise payment by reason of its acceptance of a check bearing conditional language, as well as the transmittal letter stating "all open issues" are now "closed." 361 Ill.App.3d at 878. The

court concluded that the claimant's conduct "clearly exhibits an explicit understanding on its part that the check constituted full payment" of the disputed debt. *Id.*

In this case, none of the checks or letters sent by DEBTOR'S attorney contain any statement to the effect that funds were tendered as full satisfaction of the claim. In addition, the amount in question of $85,000 was neither disputed by the DEBTOR nor unliquidated. The $85,000 amount as FCU's calculation of the amount of funds embezzled by DEBTOR was accepted by her as the correct amount.

The dispute is over the expenses incurred by FCU in investigating and responding to DEBTOR'S malfeasance. But those expenses were not at issue in the series of letters leading up to DEBTOR'S full payment of the $85,000. While it is true that if an accord and satisfaction had been consummated, FCU's claim for those expenses may well be barred, based on the record before the Court, no such agreement was reached. Instead, it appears that the DEBTOR simply voluntarily paid back the stolen funds without any condition or release of further liability.[1]

*MLK*, while it contains a fine recitation of the principles of Illinois law pertaining to accord and satisfaction, is distinguishable upon its facts. This Court determines that the DEBTOR has failed to prove the elements of accord and satisfaction set forth in UCC Sections 3-311(a) and (b). Therefore, her Motion for Summary Judgment must be denied.

The issue remains as to whether the expenses allegedly incurred by FCU, are chargeable to the DEBTOR on account of her fraudulent conduct. Without a contract or a statute that shifts these expenses onto the shoulders of the DEBTOR, it is a question of state common law whether the claimed expenses are properly part of FCU's claim against the

---

[1] FCU suggests that she did so as part of an understanding with the state's attorney's office to avoid criminal prosecution.

DEBTOR. *See Grogan v. Garner,* 498 U.S. 279, 283-84, 111 S.Ct. 654, 657, 112 L.Ed.2d 755 (1991); *In re Gavin,* 319 B.R. 27, 31 (1st Cir.BAP 2004). If the expenses, including the attorney fees, would be recoverable by FCU in state civil court, then they would be subject to being determined nondischargeable here. If not recoverable under state law, the expenses would not be recoverable here, as FCU's claim is determined, and limited, by state law principles of liability.[2]

Of course, to the extent that FCU's attorney fees were incurred in the prosecution of this adversary proceeding, the recoverability of those fees must be determined in light of the usual rule of federal bankruptcy jurisprudence that permits the recovery of such fees only to the extent permitted by contract or nonbankruptcy law. *Mayer v. Spanel Intern. Ltd.,* 51 F.3d 670, 677 (7th Cir. 1995) (creditor's attorney fees not added to nondischargeable debt as matter of bankruptcy law, but were recoverable where debtor agreed by contract to pay legal expenses); *In re Martin,* 761 F.2d 1163, (6th Cir. 1985) (creditor that successfully asserted claim under Section 523(a)(2)(B) could recover attorney fees as part of its nondischargeable debt since it had a contractual right to them enforceable under state law); *Pierce v. Pyritz*, 200 B.R. 203, 205 (N.D.Ill. 1996)(debtor's employer not entitled to fees upon determination that its debt for embezzlement was nondischargeable); *In re Kelly*, 385 B.R. 877, 885 (Bankr.S.D.Tex. 2008)(creditor who prevails under Section 523 may recover attorney fees based upon statutory or contractual right); *In re Kusmierek,* 224 B.R. 651, 658

---

[2]*Compare In re Gibson*, 77 B.R. 829 (Bankr.D.Colo. 1987)(fees of outside CPA hired by debtor's employer to investigate embezzlement were nondischargeable) *with Matter of Martonak*, 67 B.R. 727 (Bankr. S.D.N.Y. 1986)(creditor's costs of audit and investigation in connection with debtor's embezzlement not nondischargeable). *See, also, Matter of Loken*, 32 B.R. 205 (Bankr.Wisc. 1983)(under Wisconsin law, auditing costs following defalcation by county registrar were part of the debt determined to be nondischargeable).

(Bankr.N.D.Ill. 1998) (absent an award of attorney fees under non-bankruptcy law, creditor not entitled to fees in bankruptcy court for establishing nondischargeability under Section 523(a)(4)).

For the foregoing reasons, the Defendant's Motion for Summary Judgment will be denied and this matter will be set for a pretrial conference. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###